UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : MAGISTRATE NO. 21-MJ-40 |
| v. | : |
| WILLIAM McCALL CALHOUN, JR., and | : VIOLATIONS: |
| | : 18 U.S.C. § 1512(c)(2), (k), 18 U.S.C. § |
| | : 1752(a)(1)-(2), and 40 U.S.C. § 5104(e)(2) |
| VERDEN ANDREW NALLEY, | : |
| Defendants. | : |
| | : |
| | : **FILED UNDER SEAL** |
| | : |

## GOVERNMENT'S MOTION TO SEAL
## CRIMINAL INDICTMENT AND ARREST WARRANT

The United States of America respectfully moves for this Court to issue an Order directing that the Criminal Indictment, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court. In support of its motion, the Government states as follows:

The government's request for a Criminal Indictment for William Calhoun and Verden Nalley, and arrest warrant for defendant Nalley, is part of an ongoing covert grand jury investigation. At this time, the government requests that the Criminal Indictment, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal because they, in substance, are part of, or relate to, this ongoing investigation. More specifically, disclosure of these documents through their inclusion on the public docket would endanger other aspects of the government's ongoing investigation, the destruction of evidence and the safety of potential witnesses. In particular, disclosure might alert individuals who are the subject of investigation of the existence and extent of the investigation, and it might alert these same individuals of the

2

particular methods being used by law enforcement to investigate their criminal activities. As such, disclosure would undoubtedly frustrate the investigation, likely cause some subjects of the investigation to flee and/or destroy evidence, and could endanger the safety of law enforcement agents and witnesses. Accordingly, these facts present an extraordinary situation and a compelling governmental interest which justify sealing of documents pertaining to this investigation that are being submitted at this time. *See Washington Post v. Robinson*, 935 F.2d 282, 289 n.10 (D.C. Cir. 1991); *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980).

Upon execution of the arrest warrant for defendant Nalley in this case, the charging documents shall be unsealed. In order to ensure the security and privacy of identified witnesses, the government submits that previously filed charging documents shall remain sealed.

WHEREFORE, for all the foregoing reasons, the government respectfully requests that the Criminal Indictment, Arrest Warrant, and this Motion to Seal and the accompanying Order to Seal, be placed under seal until further order of the Court.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:  /s/ Ahmed Baset
AHMED BASET
Assistant United States Attorney
Ill. Bar. No. 6304552
U.S. Attorney's Office for the District of Columbia
Public Corruption & Civil Rights Section
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
AHMED.BASET@USDOJ.GOV
Tel: (202) 252-7097