IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 1:21-CR-00116-DLF |
| | ) | |
| | ) | |
| VERDEN ANDREW NALLEY | ) | |

**DEFENDANT VERDEN NALLEY'S MOTION TO DISMISS COUNT ONE**

COMES NOW, the Defendant, VERDEN ANDREW NALLEY ("Mr. Nalley"), by and through undersigned counsel, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(i), and hereby files this Motion to Dismiss Count One of the Indictment on grounds of duplicity.

**I.   FACTS**

Count One of the Indictment reads as follows:

---

**COUNT ONE**
**(18 U.S.C. § 1512(c)(2), (k)—Obstruction of an Official Proceeding)**

On or about January 6, 2021, in the District of Columbia and elsewhere, the defendants,

**WILLIAM McCALL CALHOUN, JR., and**
**VERDEN ANDREW NALLEY,**

attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, and did conspire to do so; that is, CALHOUN and NALLEY forcibly entered and remained in the Capitol to stop, delay, and hinder Congress's certification of the Electoral College vote.

(In violation of Title 18, United States Code, Section 1512(c)(2), (k))

---

This count charges three separate offenses – attempt to obstruct an official proceeding, conspiracy to obstruct an official proceeding, and the completed offense of obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2) and (k). This is duplicitous. Consequently, Count One should be dismissed.

## II.     ARGUMENT

Duplicity is the improper joinder of distinct and separate offenses in a single count. *See United States v. Starks*, 515 F.2d 112, 116 (3rd Cir. 1975). A duplicitous count may conceal the specific charges against a defendant, allow the jury to convict without unanimity as to the offense,[1] increase the risk of prejudicial evidentiary rulings, or endanger fair sentencing. *Id.* at 116. A motion seeking the dismissal of a count on grounds of duplicity must be made before trial. Fed. R. Crim. P. 12(b)(3)(B)(i).

For a count to be duplicitous, it must charge more than one distinct crime, each requiring its own set of elements. For example, conspiracy and attempt are distinct crimes with different elements.[2] Thus, in *Starks*, 515 F.2d at 116, the Third Circuit found that charging "conspiracy to extort and attempt to extort" in a single

---

[1] This would violate a defendant's Sixth Amendment guarantee to a unanimous verdict.

[2] *United States v. Savaiano*, 843 F.2d 1280, 1292 (10th Cir. 1988) (indicating that conspiracy and attempt are distinct crimes requiring proof of unique elements under *Blockburger v. United States,* 284 U.S. 299, 304 (1932)).

2

Hobbs Act count was improper, and defendants' pretrial motions to dismiss should have been granted. The Hobbs Act, 18 U.S.C. § 1951(a) punishes anyone who obstructs commerce by robbery or extortion "or attempts or conspires to do so." *Id.*; *See Abney v. United States*, 97 S.Ct. 2034 (1977) (noting duplicitous nature of single count charging Hobbs Act attempt and conspiracy but finding no prejudice due to detailed jury instruction).

The same problem arises when a *substantive* violation is *also* joined together with either attempt or conspiracy or, as in this case, both. In *United State v. Bonner*, the Middle District of Pennsylvania found that the joinder of an attempt and substantive Hobbs Act offense in one count was duplicitous. 2014 WL 5795601 *5 (citing *Starks*) (Nov. 6, 2014) (unpublished). Looking back from the perspective of a *habeas* motion under 28 U.S.C. § 2255, in *Bonner*, the district court found no prejudice, citing the detailed jury instructions clarifying the jury's duty reading the duplicitous count. *Id.* at *6.

The better course of action, as *Starks* indicated, is dismissal. This is especially so when the duplicitous charge is identified in a pretrial motion. The risk of jury confusion or lack of unanimity is simply too great.

The Tenth Circuit had the opportunity to analyze duplicity in the context of a defendant's motion challenging a jumbled count alleging a violation under 18 U.S.C. § 1512(a)(1)(A), a different section of the obstruction statute at issue here. In

3

*United States v. Washington*, 653 F.3d 1251 (10th Cir. 2011), Mr. Washington was charged with witness tampering for his part in a murder-for-hire scheme. He moved pretrial to dismiss the indictment.

There, the Indictment unartfully charged that the defendants "did *attempt* to kill Lieutenant Bryan Stark by *conspiring* to shoot him with the intent to prevent the attendance or testimony of Lieutenant Bryan Stark in federal court proceedings against [a co-defendant]." *Id.* at 1255 (emphasis added). The government argued that the use of the term "conspiring" was not an effort to allege a separate and distinct offense, but rather, was used in an everyday, non-technical sense "to describe the manner in which both co-defendants *attempted* to kill" the witness. *Id.* at 1262-63. The Court agreed, noting that the referenced conspiring behavior was merely part of the factual description of the attempt. *Id.* The language could not be reasonably read as incorporating the formal elements of a conspiracy offense, as that is charged under 18 U.S.C. § 1512(k). *Id.* at n. 12.

Here, by contrast, Mr. Nalley is charged under 18 U.S.C. § 1512(c)(2) and § 1512(k), the conspiracy provision. Section 1512(c)(2) prohibits both the substantive offense of actually obstructing an official proceeding *and* an attempt to do the same. The government, in Count One, pulls two offenses from § 1512(c)(2) – obstruction and attempted obstruction – and combines those with a conspiracy to obstruct under § 1512(k). There is no question that, here, unlike in *Washington*, the
4

government has charged three separate and distinct offenses in one count. This is duplicitous and should be dismissed.

### III. <u>CONCLUSION</u>

WHEREFORE, for all of the above reasons, Mr. Nalley respectfully requests that the Court dismiss Count One of the Indictment.

This 12th day of August, 2021.

Respectfully Submitted,

*/s/ Thomas L. Hawker*
THOMAS L. HAWKER
GEORGIA BAR NO. 338670
ATTORNEY FOR VERDEN NALLEY

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
(404) 688-7530/Fax (404) 688-0768
Thomas_Hawker@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., and was filed by ECF this day with the Clerk of Court with a copy served by ECF notice upon counsel of record as follows:

> Adam Alexander, Esq.
> Assistant United States Attorney

This 12th day of August 2021.

> */s/ Thomas L. Hawker*
> THOMAS L. HAWKER
> GEORGIA BAR NO. 338670
> ATTORNEY FOR VERDEN NALLEY