IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 1:21-CR-00116-DLF |
| | ) | |
| | ) | |
| VERDEN ANDREW NALLEY | ) | |

**DEFENDANT VERDEN NALLEY'S MOTION TO SUPPRESS STATEMENTS**

COMES NOW, the Defendant, VERDEN ANDREW NALLEY ("Mr. Nalley"), by and through undersigned counsel, pursuant to Fed. R. Crim. P. 12(b)(3) and the Fifth Amendment of the United States Constitution, and hereby files this motion to suppress any unconstitutionally obtained statements.

(1)

On February 12, 2021, Mr. Nalley was indicted on charges alleging obstruction of an official proceeding, unlawful entry into the Capitol, and disruptive conduct in the Capitol. (Doc. 1). The charges stem from the events of January 6, 2021.

(2)

On February 16, 2021, Mr. Nalley was arrested at a RaceTrac gas station located at 2682 Buford Drive, Lawrenceville, Georgia 30043, pursuant to an arrest warrant, which issued out of the United States District Court for the District of Columbia. Mr. Nalley was taken to a local county jail overnight before being

transported the following morning, February 17, to the custody of the United States Marshal Service in Atlanta.

(3)

On February 17, 2021, Mr. Nalley made his initial appearance in the Northern District of Georgia, and the undersigned was appointed as counsel. On February 19, 2021, Mr. Nalley was released on bond.

(4)

Mr. Nalley had two encounters with law enforcement prior to his initial appearance, first on February 1, 2021, in Buford, Georgia, and then on the day of his arrest, February 16. On February 1, 2021, federal agents followed him from his home to a RaceTrac gas station. Three cars, including two SUVs, followed Mr. Nalley. His car was surrounded and blocked by the agents' cars. Approximately four armed agents exited the cars and surrounded Mr. Nalley's car. Mr. Nalley got out of his car and two of the agents proceeded to question him, while the other two stood at the back and side of his car and inspected the interior. Two officers questioned Mr. Nalley about the events of January 6, 2021 for approximately 20 minutes. Agents asked Mr. Nalley to show them photos on his phone, and Mr. Nalley acquiesced. Mr. Calhoun had already been arrested. Mr. Nalley, however, was ultimately allowed to leave.

(5)

On February 16, 2021, agents called Mr. Nalley on his cell phone just after he arrived home from work. Mr. Nalley was told by an FBI agent that he needed to meet them at the same RaceTrac gas station to look over his written statement from the previous encounter and to sign the statement and be done. Mr. Nalley went to the RaceTrac gas station under these false pretenses. After arriving at the RaceTrac, he was arrested pursuant to an arrest warrant. He was searched and agents seized his phone.

(6)

In order for the government to use any statements attributed to Mr. Nalley, it must first prove that the statements were not procured in violation of *Miranda* and that the statements were otherwise voluntarily made. *Miranda v. Arizona*, 384 U.S. 436-468, 69 (1966); *Jackson v. Denno*, 378 U.S. 368, 376-377 (1984). Whether a person is in custody for purposes of *Miranda* is an objective inquiry based upon the totality of the circumstances. *J.D.B. v. North Carolina*, 564 U.S. 267-281 (2011); *see U.S. v. Sheffield*, 821 F.Supp.2d 351 (D.D.C. 2011) ("Given the totality of circumstances surrounding the questioning of defendant Sheffield on May 15, 2010, the Court concludes that defendant Sheffield was subject to a custodial interrogation and should have been informed of his *Miranda* rights prior to questioning by the homicide detectives.").

(7)

Even if not in custody, the Fifth Amendment guarantees that no person be compelled to be a witness against himself. *Withrow v. Williams*, 507 U.S. 680, 688 (1993). Only voluntary statements are admissible at trial. *Lego v. Twomey*, 404 U.S. 477, 478 (1972). Long ago, the Supreme Court recognized that noncustodial interrogations may "by virtue of some special circumstances, be characterized as [involuntary]." *Beckwith v. United States*, 425 U.S. 341, 347-48 (1976). Thus, even if an interrogation is not custodial, the government bears the burden of proving by a preponderance of the evidence that a statement is voluntarily made. *United States v. Swint*, 15 F.3d 286, 289 (3d Cir. 1994). "Statements not obtained in violation of a person's *Miranda* rights or right to counsel are nonetheless subject to suppression as violative of due process if the statements are 'coerced' or 'involuntary.'" *United States v. Conley*, 859 F. Supp. 830 (W.D. Pa. 1994) (citing *Arizona v. Fulminante*, 499 U.S. 279, 287-91 (1991) and *Lego*, supra. at 483); *United States v. Lall*, 607 F.3d 1277, 1285 (11th Cir. 2010) ("Even if Lall was not in custody in the technical sense (and thus *Miranda* warnings were not required), we would still be required to address the voluntariness of his confession.").

(8)

Here, in order for the government to use Mr. Nalley's statements, it must demonstrate that he was read his *Miranda* warnings, if in custody, and that he was

not otherwise coerced into making statements through threats, promises, or other assurances, no matter how slight.

(9)

Mr. Nalley moves to suppress all statements obtained in violation of the Fifth Amendment to the United States Constitution and all fruit of those unlawful statements. *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963).

WHEREFORE, Mr. Nalley respectfully requests:

(a) that the Court issue an order setting this matter down for a pre-trial hearing at which time the government should be required to show cause why the relief sought by the Defendant should not be granted;

(b) that the Defendant be permitted to supplement this motion if necessary;

(c) that the Court allow additional briefing on this issue following the hearing of evidence on this matter;

(d) that the Court issue an order suppressing all unconstitutionally obtained statements and any poisonous fruit and any reference thereto in the event this case goes to trial; and

(e) that the Court grant such other relief as may be just under the circumstances of this case.

This 12th day of August, 2021.

                                            Respectfully Submitted,

                                            */s/ Thomas L. Hawker*
                                            THOMAS L. HAWKER
                                            GEORGIA BAR NO. 338670
                                            ATTORNEY FOR VERDEN NALLEY

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
(404) 688-7530/Fax (404) 688-0768
Thomas_Hawker@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been formatted in Book Antiqua 13 pt., and was filed by ECF this day with the Clerk of Court with a copy served by ECF notice upon counsel of record as follows:

> Adam Alexander, Esq.
> Assistant United States Attorney

This 12th day of August 2021.

> */s/ Thomas L. Hawker*
> THOMAS L. HAWKER
> GEORGIA BAR NO. 338670
> ATTORNEY FOR VERDEN NALLEY