IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATE OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 1:21-CR-00116-DLF |
| | ) | |
| | ) | |
| VERDEN ANDREW NALLEY | ) | |

### DEFENDANT VERDEN NALLEY'S UNOPPOSED MOTION
### TO MODIFY ORDER SETTING CONDITIONS OF RELEASE

COMES NOW, the Defendant, VERDEN ANDREW NALLEY ("Mr. Nalley"), by and through undersigned counsel, and herby files this unopposed motion for a modification of his bond conditions to allow for periodic travel out of state for work.

Mr. Nalley is charged with obstruction and trespassing offenses in connection with the January 6, 2021 events that transpired at the Capital. On February 16, 2021, Mr. Nalley was arrested at a RaceTrac gas station located at 2682 Buford Dr., Lawrenceville, Georgia 30043, pursuant to an arrest warrant which issued out of the United States District Court for the District of Columbia. Mr. Nalley was taken to a local county jail overnight before being transported the following morning, February 17, to the custody of the U.S. Marshal Service in Atlanta. On February 17, 2021, Mr. Nalley made his initial appearance in the Northern District of Georgia, and the undersigned was appointed counsel.

On February 19, 2021, Mr. Nalley was released on a $10,000 unsecured bond. *1:21-MJ-00151-*CCB, Doc. 10. The conditions of release provided that he was to be on home detention with a leg monitor. *Id.* at Doc 9, ¶ (7)(n) and (o). In addition, he was directed to live with Ms. Bobbie Peppers, his girlfriend, at her address, 2637 Rock Springs Road, Buford, Georgia 30519. *Id.* at ¶ (7)(t). Mr. Nalley was to actively seek employment (*Id.* at ¶ (7)(b)), which for him, is contract work in the remodeling and construction industry.

On April 26, 2021, Mr. Nalley and counsel appeared remotely before Magistrate Judge G. Michael Harvey in the District of Columbia for an initial appearance and arraignment. During this proceeding, Mr. Nalley was placed on conditions of release in the District of Columbia which incorporated those from the Northern District of Georgia, plus the additional requirement to stay out of the charging district except when required for Court appearances or related activities. There was no government opposition.

On May 4, 2021, during a status conference before the Honorable Judge Dabney L. Friedrich, Mr. Nalley requested that his conditions of release be modified to remove the home detention condition and impose a curfew. With no opposition from the government and citing compliance on the part of Mr. Nalley, the Court, by Minute Order, granted this request and set a curfew between the hours of 10:00 p.m. and 8:00 a.m.

For the past eight (8) months, Mr. Nalley has complied with all conditions of his release, as reflected in the five pretrial compliance reports filed prior to each appearance. (Docs. 37, 39, 47, 56, 61). However, Mr. Nalley is struggling to secure and maintain consistent employment in his field. In the last pretrial compliance report, Pretrial Services Officer Sidbury noted:

> On September 27, 2021, this Officer received written compliance from USPO Walter Cochran of the Northern District of Georgia. He indicated that the defendant was in complete compliance with his release conditions. He indicated that he felt that he needed more stable employment but other than the that, the defendant was compliant.

(Doc. 61 at 2). Mr. Nalley has worked small construction jobs over the past several months but has been unable to secure any significant or long-term projects. Mr. Nalley has worked in construction his entire life and is a skilled carpenter, drywall installer, and tile worker.

Mr. Nalley has been presented with a work opportunity in Martin County, Florida about 25 miles north of West Palm Beach. Ms. Pepper's son-in-law, Mr. Scott W. Kappler, lives there with Ms. Pepper's daughter. Mr. Kappler has at least two substantial renovation projects for Mr. Nalley. First, there is a home located at 4648 SE Park Dr., Stuart, Florida 34997, which needs a complete interior demolition and rebuild. The home is being leased by Ms. Peppers. The lease-sale agreement calls for this work. Mr. Nalley would live in the home and perform the work during two-week stretches in Florida. If allowed, Mr. Nalley would travel to

Florida for two-week periods and return to his home in Georgia for several days in between, when he can report to his supervising officer.

In addition to the house remodel in Stuart, Mr. Kappler has arranged for Mr. Nalley to do renovation and restoration work on a 76-foot yacht located in Hobe Sound,[1] about a twenty-minute drive from the Stuart house. This work would utilize Mr. Nalley's expert carpentry skills. Notably, Mr. Kappler has a yacht of his own in Hobe Sound and has the ability to refer additional work to Mr. Nalley from other boat owners in the marina. This could result in future projects for Mr. Nalley and financial stability. Mr. Kappler has written a letter verifying both of these projects and explaining that Mr. Nalley would have a stable place of residence while in Florida. (Exhibit 1).

This type of work does not exist for Mr. Nalley in Buford, Georgia. He is having difficulty meeting his monthly expenses with the projects he has been offered there. Counsel has discussed this request with USPO Walt Cochran in the Northern District of Georgia. Mr. Cochran does not oppose the request. Mr. Cochran indicated that Mr. Nalley would have to return to Georgia every two weeks for up to a week's time to report to him for drug testing and to check in. Mr. Cochran further explained that he would be able to monitor Mr. Nalley's location,

---

[1] The 1939 historic yacht was constructed by well-known yacht architect and designer John Trumpy, Sr.

as he would continue to be monitored by a GPS ankle bracelet under the district's stand-alone monitoring program. Counsel also has discussed the request and Officer Cochran's approval with Pretrial Services Officer Sidbury in the District of Columbia. He does not oppose the request. Finally, counsel has conferred with AUSA Rozzoni and she does not oppose the request.

    Mr. Nalley's current conditions of release require advance permission by Officer Cochran to travel outside of the Northern District of Georgia. He is also required to live with Mr. Peppers. Of course, both of these conditions would remain, as Mr. Nalley would be reporting exactly when he would be working in Florida and Mr. Cochran would dictate when he must return. In addition, Mr. Nalley would be living at either 2637 Rock Springs Road, Buford, Georgia 30519 or at 4648 SE Park Dr., Stuart, Florida 34997, both Ms. Pepper's addresses. However, Mr. Nalley would need the Court to eliminate the curfew requirement. The GPS monitor would remain in place for stand-alone monitoring.

    Given the significant amount of time Mr. Nalley would be working in Florida and the addition of a new home address, out of an abundance of caution, Mr. Nalley is moving the Court for permission for this arrangement, having vetted it with all parties concerned. Moreover, although Officer Cochran indicates that more than six (6) month's compliance with ankle monitoring would normally

justify its removal, Mr. Nalley is not requesting this, understanding that having it in place would be an additional level of accountability when working out of state.

For all of these reasons, Mr. Nalley respectfully requests that the Court grant his motion to modify the conditions of release to:

1. Remove the curfew requirement;

2. Allow for travel to Florida with advance permission of his supervising probation officer to work; and

3. Allow him to reside at 4648 SE Park Dr., Stuart, Florida 34997 when working in Florida.

A proposed Order is attached.

                                      Respectfully submitted,

                                      */s/ Thomas L. Hawker*
                                      THOMAS L. HAWKER
                                      GEORGIA BAR NO. 338670
                                      ATTORNEY FOR VERDEN NALLEY

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
(404) 688-7530 Fax (404) 688-0768
Thomas_Hawker@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion has been formatted in Book Antiqua 13 pt., and was filed by ECF this day with the Clerk of Court with a copy served by ECF notice upon counsel of record as follows:

>Jennifer M. Rozzoni, Esq.
>Assistant United States Attorney

This 20th day of October 2021.

>*/s/ Thomas L. Hawker*
>THOMAS L. HAWKER
>GEORGIA BAR NO. 338670